| DATE 08/27/2025 | U. S. Pretrial Services and Probation Office Northern District of Ohio | **VIOLATION REPORT Warrant Request** | PROB 12C (Rev. 11/2017) |
|---|---|---|---|
| **NAME** TUCKER, Michael L. | **PACTS** 7781371 | **JUDGE** GWIN | **DOCKET #** 1:22CR00066-001 |

| SENTENCE DATE 10/20/2022 | SUPERVISION TYPE TSR | CRIMINAL HIST III | OFFENSE LEV 19 | PHOTO |
|---|---|---|---|---|

| ASST. U.S. ATTORNEY Vasile C. Katsaros 216-622-3876 vasile.katsaros@usdoj.gov | DEFENSE ATTORNEY Rasheeda Zamani Khan 614-745-8849 rkhan@peterson-llp.com |
|---|---|

**REPORT PURPOSE**

**JUDICIAL RESPONSE REQUESTED**

**ORIGINAL OFFENSE**

**Count 1**: 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) - Possession with Intent to Distribute a Mixture or Substance Containing a Schedule II Controlled Substance (Fentanyl and Fentanyl Analogue), a Class C felony.

**Count 2**: 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) - Possession with Intent to Distribute a Mixture or Substance Containing Cocaine, a Class C felony.

**Count 3**: 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) - Possession with Intent to Distribute a Mixture or Substance Containing Methamphetamine, a Class C felony.

**Count 4**: 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B) - Possession with Intent to Distribute 28 Grams or More of a Mixture or Substance Containing Cocaine Base, a Class B felony.

**SENTENCE DISPOSITION**

44 months custody Bureau of Prisons followed by 3 years supervised release (commenced 02/14/2025).

**Executive Grant of Clemency:** 01/17/2025: The total sentence of imprisonment was commuted to expire on February 17, 2025, with the term of supervised release left intact.

**ORIGINAL SPECIAL CONDITIONS**
1. Substance Abuse Treatment and Testing
2. Search/Seizure

The probation officer believes that the person on supervision has violated the following condition(s) of supervision:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| 1. | **Unauthorized Use of Drugs**: On 02/26/2025, at urinalysis revealed the presence of Buprenorphine. |
| 2. | **Violation of Special Condition: Substance Abuse Treatment and Testing**: |

| DATE<br>08/27/2025 | U. S. Pretrial Services and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>**Warrant Request** | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|
| NAME<br>TUCKER, Michael L. | PACTS<br>7781371 | JUDGE<br>GWIN | DOCKET #<br>1:22CR00066-001 |

| | |
|---|---|
| | Mr. Tucker failed to engage in treatment and attend counseling sessions as scheduled with Basecamp Recovery Center. |
| 3. | **Violation of Standard Condition # 5: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change**: On 07/24/2025, Mr. Tucker admitted to not residing at his approved residence to his supervising officer. |
| 4. | **Violation of Standard Condition # 3: You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer**: On 07/24/2025, Mr. Tucker admitted to leaving the Southern District of Ohio without prior approval from his supervising officer. |
| 5. | **Violation of Standard Condition # 2: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed**: On 07/28/2025, 07/31/2025, and 08/11/2025, Mr. Tucker failed to report to the U.S Probation Office as instructed by his supervising officer. |
| 6. | **Whereabouts Unknown**: As of 08/11/2025, Mr. Tucker's whereabouts are unknown to the U.S. Probation Office. |

**ADJUSTMENT TO SUPERVISION**
This report has been prepared to notify Your Honor of noncompliance committed by Mr. Tucker. Since the commencement of his term of supervised release, Mr. Tucker has been supervised in the Southern District of Ohio. On August 25, 2025, the Northern District of Ohio received notification of Mr. Tucker's noncompliance. Additionally, the Southern District of Ohio indicated they are closing interest in Mr. Tucker's supervision.

**Violation #1: Unauthorized Use of Drugs**: On February 26, 2025, at urinalysis revealed the presence of Buprenorphine.

According to the Southern District of Ohio, Mr. Tucker tested positive for Buprenorphine on his initial urine screen. In response, his supervising officer referred Mr. Tucker to Basecamp Recovery Center for a substance abuse assessment.

**Violation #2: Violation of Special Condition**: **Substance Abuse Treatment and Testing**: Mr.

| DATE<br>08/27/2025 | U. S. Pretrial Services and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>**Warrant Request** | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|
| **NAME**<br>TUCKER, Michael L. | **PACTS**<br>7781371 | **JUDGE**<br>GWIN | **DOCKET #**<br>1:22CR00066-001 |

Tucker failed to engage in treatment and attend counseling sessions as scheduled with Basecamp Recovery Center.

According to the Southern District of Ohio, Mr. Tucker was referred to Basecamp Recovery Center on March 10, 2025. He was diagnosed with an opioid use disorder and recommended to engage in individual counseling sessions but failed to do such. He was discharged from Basecamp Recovery Center on May 10, 2025. As a result, Mr. Tucker sought his own assessment with House of Hope on May 20, 2025. House of Hope determined that Mr. Tucker did not meet the clinical criteria for a substance use disorder and he was not recommended to complete treatment.

**Violation #3: Violation of Standard Condition # 5: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change**: On July 24, 2025, Mr. Tucker admitted to not residing at his approved residence to his supervising officer.

On July 17, 2025, a scheduled home visit was attempted at Mr. Tucker's grandmother's residence; however, Mr. Tucker was not present. His supervising officer then scheduled a second home visit for July 24, 2025. When the supervising officer arrived, Mr. Tucker was not at the residence for the scheduled visit. When contacted, Mr. Tucker stated that he was at his girlfriend's house in Pataskala, Ohio, and he would return in an hour. As a result, the supervising officer returned to the residence to meet Mr. Tucker. It should be noted, Mr. Tucker was unable to enter the residence because he did not have keys to access the home. When questioned on his whereabouts prior to the visit, Mr. Tucker stated he had been primarily staying with his girlfriend and his aunt. Mr. Tucker also admitted that he was not visiting his girlfriend prior to meeting the supervising officer.

**Violation #4: Violation of Standard Condition # 3: You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer**: On July 24, 2025, Mr. Tucker admitted to leaving the Southern District of Ohio without prior approval from his supervising officer.

During a community contact outline in Violation #3, Mr. Tucker admitted that he was not visiting his girlfriend prior to meeting the supervising officer. Mr. Tucker advised that he left the Southern District of Ohio without permission to visit his children in Lorain, Ohio. As a result, the supervising officer officer verbally reprimanded Mr. Tucker for traveling to the Northern District of Ohio without approval.

**Violation 5: Violation of Standard Condition # 2: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed**: On July 28, 2025, July 31, 2025, and August 11, 2025, Mr. Tucker failed to report to the U.S Probation Office as instructed by his supervising officer.

Following the community contact described in Violation # 3 and #4, Mr. Tucker was instructed to

| DATE<br>08/27/2025 | U. S. Pretrial Services and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>**Warrant Request** | | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|---|
| NAME<br>TUCKER, Michael L. | PACTS<br>7781371 | JUDGE<br>GWIN | | DOCKET #<br>1:22CR00066-001 |

report to the U.S. Probation Office on July 28, 2025, to further address his non-compliance and to provide a urine screen. However, Mr. Tucker failed to report as scheduled. Mr. Tucker was again instructed to report to the U.S. Probation Office on July 31, 2025, but he failed to do such. On August 1, 2025, the supervising officer sent a certified letter to his approved address advising him to report on August 11, 2025. Mr. Tucker failed to report as instructed.

**Violation #6: Whereabouts Unknown**: As of August 11, 2025, Mr. Tucker's whereabouts are unknown to U.S. Probation.

Mr. Tucker failed to report to his supervising officer as instructed. As of the date of this report, Mr. Tucker has not been in contact with his supervising officer in the Southern District of Ohio and his whereabouts are unknown.

The following information provided by the Southern District of Ohio summarizes Mr. Tucker's response to supervision and his activities.

**Employment Stability:** Mr. Tucker reported having part-time employment with Community Caring Development Foundation. In addition to employment, Mr. tucker was receiving vocational training from Community Caring Development Foundation.

**Residential Stability:** At the commencement of his term of supervised release, Mr. Tucker reported living with his grandmother at 3426 Corban Common Drive, Apartment N208, Columbus, Ohio 43209. During an attempted home visit on July 24, 2025, Mr. Tucker admitted to living with his girlfriend and his aunt. He was instructed to provide his aunt's address for an inspection. However, Mr. Tucker failed to do such.

**Substance Abuse:** According to the Southern District of Ohio, Mr. Tucker was referred to Basecamp Recover Center on March 10, 2025. He was diagnosed with an opioid use disorder and recommended to engage in individual counseling sessions but failed to do such. He was discharged from Basecamp Recovery Center on May 10, 2025. As a result, Mr. Tucker sought is own assessment with House of Hope on May 20, 2025. House of Hope determined that Mr. Tucker did not meet the clinical criteria for a substance use disorder and he was not recommended to complete treatment.

**Overall Adjustment:**  According to the Southern District of Ohio, Mr. Tucker's adjustment to supervision can be categorized as marginal. Mr. Tucker obtained employment and was receiving vocational services from Community Caring Development Foundation. However, he was not appropriately communicating his residence with his supervising officer, left the Southern District of Ohio without authorization, and failed to report to his supervising officer as required.

**Plan of Action**: Due to Mr. Tucker's noncompliance and not making himself available for supervision, it is respectfully requested that a Warrant be issued.

| DATE<br>08/27/2025 | U. S. Pretrial Services and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>**Warrant Request** | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|
| **NAME**<br>TUCKER, Michael L. | **PACTS**<br>7781371 | **JUDGE**<br>GWIN | **DOCKET #**<br>1:22CR00066-001 |

Pursuant to *U.S. v. Booker* and *U.S. v Fanfan*, the following United States Sentencing Guideline applications are being provided to the Court solely for advisory purposes.

**SENTENCING OPTIONS**

**Statutory Provisions:** If the person on supervision violates a condition of supervised release, the Court may extend the term of supervised release and may modify, reduce or enlarge the conditions, 18 U.S.C. § 3583(e)(2) or revoke the term of supervised release, 18 U.S.C. § 3583(e)(3), or place a person on supervision under electronic monitoring (only as a special condition), 18 U.S.C. § 3583(e)(4).

The PROTECT Act, which went into effect April 30, 2003, allows no adjustment for prison time for any previous revocation of supervised release. The permissible length of a new term of supervised release (TSR) is the authorized term of supervised release for the original offense minus the custody term imposed for any revocation. No credit is given for street time.

If the Court finds that the person on supervision has violated a condition of supervised release and decides to impose a term of imprisonment, it must consider, but can disregard, the policy statements in effect on the date the person under supervision is sentenced, 18 U.S.C. § 3553(a)(4)(B) and impose a sentence of imprisonment up to the statutory maximum. The Statutory Maximum in this case is 2 years as to Counts 1, 2, and 3, as the offenses of conviction are Class C felonies. The Statutory Maximum is 3 years as to Count 4, as the offense of conviction is a Class B felony.

If the Court revokes supervised release and imposes a term of imprisonment, it may, pursuant to 18 U.S.C. § 3583(h), reimpose a term of supervised release. As the offenses of conviction are each under 21 U.S.C. § 841(a) and (b), the Court may impose any term of supervised release as the maximum term of supervised release is life, 18 U.S.C. § 3583(b) and (h) on all counts.

**Guidelines Provisions:** Application of policy statements found in Chapter 7 of the Guideline Manual result in a revocation range of imprisonment of 5 to 11 months, U.S.S.G. § 7B1.4(a). The range of imprisonment is based on the most serious violation alleged being a Grade C violation, U.S.S.G. § 7B1.1(a)(3) and the person on supervision having a Criminal History Category of III, U.S.S.G. § 7B1.4, Application Note 1.

If the Court revokes supervised release and imposes a term of imprisonment, it may reimpose any term of supervised release as to each Count, U.S.S.G. § 7B1.3(g)(2). A Violation Worksheet is attached.

Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may revoke, extend or modify the conditions of supervised release. Guideline 7B1.3(c) provides sentencing options for persons under supervision who fall into Zones B and C of the sentencing table. Those options include sentences of imprisonment that include terms of supervised release with conditions that substitute community confinement or home detention pursuant to Guideline 5C1.1(c) or (d).

**This completes the text of the report. Proceed to the signature page.**

| DATE<br>08/27/2025 | U. S. Pretrial Services and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>**Warrant Request** | | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|---|
| NAME<br>TUCKER, Michael L. | | PACTS<br>7781371 | JUDGE<br>GWIN | DOCKET #<br>1:22CR00066-001 |
| I declare under penalty of perjury that the foregoing is true and correct.<br>**U.S. PRETRIAL SERVICES & PROBATION OFFICER**<br><br>*[signature]*<br><br>Camil Croft<br>216-225-9094 | | | DISTRIBUTION<br><br>COURT              CPO | |
| SUPERVISING U.S. PRETRIAL SERVICES & PROBATION OFFICER<br><br>*[signature]*<br><br>Jennifer Truxall<br>216-357-7354 | | | PROBATION ROUTING<br><br>Data Entry        Data Collections | |

6

**RECOMMENDING TO THE COURT**

☒ To issue a Warrant

**THE COURT ORDERS:**

☒ The issuance of a Warrant.
☐ The issuance of a Summons.
☐ The request is denied.
☐ Supervision to be Continued.
☐ The referral of this case to the Magistrate Judge as designated by the Clerk's Office to conduct the appropriate proceedings, except for sentencing, if sentencing is necessary. If a revocation hearing is required, the assigned Magistrate Judge is to conduct the hearing and then file a report and recommendation.

Magistrate Judge Assigned __  Choose an item.

☐ Alternative Judicial Order (Please Specify)

_____  August 28, 2025
Signature of Judicial Officer          Date